|   |   |
|---|---|
|   | UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA |

| | |
|---|---|
| JOHN ROBERT DEMOS, JR,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF CORRECTIONS<br>*et al*,<br><br>    Defendants. | CASE NO. 3:22-cv-05539-DGE-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: August 19, 2022 |

This matter is before the Court on referral from the district court and on plaintiff's proposed application to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff, a Washington prisoner who is known locally and nationally as an abusive litigant, seeks to proceed IFP so that he may bring an action against the state Department of Corrections and its Secretary, Cheryl Strange, related to the conditions of his confinement. *See* Dkt. 1-1, at 3–4. In his proposed complaint, he asserts that he is in imminent danger of contracting COVID-19 due to the "negligence, intransigence, stubbornness, and rebellion" of corrections officers, among other allegations. *See generally* Dkt. 1-1.

As a bar order litigant, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash Dec. 15, 1982). Plaintiff has reached his limit for this year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Plaintiff asserts that he is in imminent danger of harm, but the bar order clearly states that it applies with no exceptions for allegations of imminent danger after plaintiff has submitted three actions in a year. *See Demos v. Inslee et al.*, 3:20-cv-05271-RBL-DWC (W.D. Wash. April 8, 2020) (Dkt.2) (summarizing applicable bar orders), *adopted by* Order (Dkt. 4) (May 15, 2020).

Accordingly, plaintiff's claims should be dismissed without prejudice. Any pending motions should be denied as moot and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 19, 2022,** as noted in the caption.

Dated this 3rd day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge