1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10   JOHN ROBERT DEMOS, JR,

11                     Plaintiff,

12        v.

13   WASHINGTON STATE
     DEPARTMENT OF CORRECTIONS
14   et al,

15                     Defendants.

CASE NO. 3:22-cv-05539-DGE-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 18, 2022

16

17        This matter is before the Court on referral from the district court and on plaintiff's

18   application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1.

19                              **BACKGROUND**

20        On July 23, 2022, plaintiff, a Washington prisoner who is well-known locally and

21   nationally as an abusive litigant, filed an application to proceed IFP so that he may bring an

22   action against various state officials related to the conditions of his confinement. *See* Dkts. 1, 1-

23   1. In his proposed complaint, he asserts that he is in imminent danger of contracting COVID-19

24   due to the "negligence, intransigence, stubbornness, and rebellion" of prison staff and

1   "mismanagement on the part of the named defendant in supervising over subordinates[.]" *See*

2   *generally* Dkt. 1-1. Plaintiff seeks "any, and all relief that the Court deems to be necessary and

3   proper." *See id.* at 9.

4        On August 3, 2022, this Court screened plaintiff's proposed complaint and recommended

5   that his claims be dismissed without prejudice because he had surpassed his bar order cap of

6   three actions per year. *See* Dkt. 2 at 2. On August 9, 2022, plaintiff objected to the Court's report

7   and recommendation on the ground that the bar orders cannot trump his right to plead imminent

8   danger pursuant to 28 U.S.C. § 1915(g). *See* Dkt. 3. On August 10, 2022, the David G. Estudillo

9   issued an order sustaining plaintiff's objection and found that the bar orders limiting plaintiff to

10  three actions per year do not apply to subsequent applications if plaintiff plausibly pleads

11  imminent danger and meets all other procedural requirements. *See* Dkt. 4 at 1–2. Judge Estudillo

12  returned the matter to the undersigned for further consideration of whether the imminent danger

13  exception applies and whether plaintiff has met all other procedural requirements. *See id.*

14       Plaintiff is subject to pre-filing bar orders in this district due to his abuse of the judicial

15  system. *See In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992)

16  ("1992 Bar Order"). The 1992 Bar Order provides that this Court "will not consider more than

17  three [IFP] applications in any calendar year" and that "[a]ny fourth or successive application by

18  [plaintiff] to proceed [IFP] will not be filed, acknowledged, or returned." *Id.* at 2. The 1992 Bar

19  Order also states that any complaints, whether accompanied by a filing fee or an IFP application,

20  "will not be accepted for filing unless the complaint is accompanied by an affidavit that the

21  claims presented have not been presented in any other action in any court and that [plaintiff] can

22  and will produce evidence to support his claims." *Id.* at 3. Alongside the 1992 Bar Order is

23  U.S.C. § 1915(g), which prohibits plaintiff from bringing any actions (including the three

24

1   allowed by the 1992 Bar Order), unless plaintiff is under imminent danger of serious physical

2   injury.

3          Plaintiff has far surpassed his three-filing limit by filing more than 50 actions in this

4   district since the beginning of the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.,* 2:22-cv-

5   00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-

6   BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

7   However, Judge Estudillo construes the 1992 Bar Order to include an imminent danger

8   exception, which allows plaintiff to surpass the number of IFP applications allowed under the

9   1992 Bar Order if he complies with the rest of the procedural requirements. *See* Dkt. 4 at 3

10  (citing *Demos v. Strange*, No. C22-5464-TL-JRC (W.D. Wash. Aug. 3, 2022) ("While the

11  contempt order does not specify an 'imminent danger' exception, and pre-dates the Prison

12  Litigation Reform Act, the district court seems to have construed the contempt order to include

13  such an exception.")). After further review consistent with Judge Estudillo's order, this Court

14  recommends that plaintiff's action be dismissed because plaintiff failed to follow the

15  requirements of the 1992 Bar Order.

16         The 1992 Bar Order requires plaintiff to submit an affidavit stating that the claims

17  presented have not been presented in any other action in any court and that plaintiff can and will

18  produce evidence to support his claims. Plaintiff has not filed such an affidavit. Nor has plaintiff

19  filed an affidavit plausibly demonstrating that he is under imminent danger.  Plaintiff has already

20  attempted to bring several actions in this district this year, alleging mishandling of the COVID-

21  19 pandemic during his incarceration, and none of those actions have been allowed to proceed.

22  *See, e.g.*, *Demos v. Strange, et al.*, 3:22-cv-05463-DGE, Dkts. 1, 4 (W.D. Wash. 2022); *Demos v.*

23  *Washington State Department of Corrections*, 2:22-cv-00723-JHC, Dkts. 1-1, 2, 4 (W.D. Wash.

24

1    2022); *Demos v. Washington State Department of Corrections*, 3:22-cv-00724-RSL, Dkts. 1-1, 2,

2    4 (W.D. Wash. 2022); *Demos v. State of Washington et al*, 2:22-cv-00769-TSZ, Dkts. 1-1, 2, 3

3    (W.D. Wash. 2022).

4         Plaintiff has not satisfied the requirements of the 1992 Bar Order.

5                                    **CONCLUSION**

6         Accordingly, the Court recommends that plaintiff's claims be dismissed without

7    prejudice and that any pending motions be denied as moot.

8         Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

11   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

12   objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

13   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

14   imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 18,**

15   **2022,** as noted in the caption.

16        Dated this 24th day of October, 2022.

17

18                                              _____
                                                J. Richard Creatura
19                                              Chief United States Magistrate Judge

20

21

22

23

24

REPORT AND RECOMMENDATION - 4